IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BILLY JACK WHITEHURST | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-471 |
| | § | |
| KENNEDY SHIP AND REPAIR, ET AL. | § | |

## OPINION AND ORDER

Before the Court is the "Motion for Partial Summary Judgment" of Plaintiff, Billy Jack Whitehurst; the motion will be denied.

Whitehurst brought this suit to recover unpaid overtime wages under the Fair Labor Standards Act. To prevail, Whitehurst must prove, as a matter of law, that he was an employee of Defendant, Kennedy Ship and Repair, L.P. (KSR) during the relevant time period: November 28, 2000 to March 23, 2002. Unfortunately, for Whitehurst, in the context of a summary judgment proceeding the Court must accept KSR's evidence as true; draw all reasonable inferences from that evidence in its favor, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); and avoid any credibility determinations, Dibidale of La., Inc. v. American Bank & Trust Co., 916 F.2d 300, 307-308 (5th Cir. 1990). Having done so, the evidence shows that, at Whitehurst's insistence, the contract he entered into with KSR designated him as an independent contractor in order to permit him to avoid tax deductions from his pay. Under the contract, Whitehurst bid for each welding job he performed for KSR. Accordingly, Whitehurst had the power to vary his rate of pay with each bid. He set the time limits for each project's completion and was individually responsible for performing each job. He provided his own truck and tools at the job sites. He was free to come and go as he pleased. He was free to, and did, perform

work for others during the time in question.  He did not supervise KSR employees or set their work schedules.  He was not even required to attend KSR safety meetings.  Finally, once he was actually hired as an employee, his job duties changed and he was required to perform non-welding tasks.  Were a Jury to believe this evidence, and reject Whitehurst's contradictory testimony, it could certainly find that Whithurst was an independent contractor prior to March 23, 2002.  Hence, a genuine issue of material fact exists and Whitehurst's Motion for Partial Summary Judgment must be denied.

For the foregoing reasons, it is the **ORDER** of this Court that "Plaintiff Billy Jack Whitehurst's Motion for Partial Summary Judgment" (Instrument no. 40) is **DENIED**.

**DONE** at Galveston, Texas, this _____6th_____ day of January, 2006.

John R. Froeschner
United States Magistrate Judge